IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:21-cv-00805-DDD-KAS

REGINA T. DREXLER,

    Plaintiff,

v.

PHILIP WEISER, in his official capacity as the Attorney General of Colorado;
BETH McCANN, in her official capacity as elected District Attorney for the 2nd Judicial District;
PRESIDING JUDGE IN DENVER DISTRICT COURT DIVISION 414, in his/her official capacity;
STATE COURT ADMINISTRATOR, in his/her official capacity;
CHIEF JUDGE OF THE DENVER DISTRICT COURT, in his/her official capacity;
PRESIDING JUDGE OF THE DENVER COUNTY COURT, in his/her official capacity;
PRESIDING JUDGE IN DENVER COUNTY COURT COURTROOM 159, in his/her official capacity;
CHIEF JUDGE AND PRESIDING JUDICIAL OFFICIALS IN THE COLORADO COURT OF APPEALS, in their official capacities;
CHIEF JUSTICE OF THE COLORADO SUPREME COURT, in his/her official capacity; and
JOHN DOE, in his official capacity with some connection to enforcement of the statutes,

    Defendants.

## ORDER REGARDING MERITS BRIEFING

Plaintiff Regina T. Drexler objects to Magistrate Judge Kathryn A. Starnella's order staying all further proceedings in this case—including briefing on the merits of Ms. Drexler's constitutional claims—pending disposition of the defendants' motions to dismiss. Doc. 149 (objecting to Doc. 144). For the following reasons, Ms. Drexler's objection is sustained

in part, and Defendants Philip Weiser and Beth McCann must respond to Ms. Drexler's merits brief.

## BACKGROUND

This case has a lengthy and tortured procedural history. As summarized by the Tenth Circuit,

> Th[e] [case] grew out of a feud between Regina Drexler and Rachel Brown. The two women had an intimate relationship, which ended bitterly. In the fallout, Ms. Drexler wrote literary essays about abuse. Ms. Brown characterized the essays as harassment and complained that she was being stalked by Ms. Drexler. The feud led to the entry of a protection order in state court, restricting Ms. Drexler's proximity to Ms. Brown, her children, and her houses.
>
> The protection order spurred Ms. Drexler to bring [this] action in federal court, where she alleged constitutional violations in the protection order as well as the statutes authorizing that order. In this action, Ms. Drexler
> - sought habeas relief against two state-court judges and the state court itself and
> - sued the state attorney general under 42 U.S.C. § 1983 for prospective relief and damages.
>
> The district court dismissed the entire action, and Ms. Drexler appeal[ed].

Doc. 50 at 2.

In March 2022, while the case was on appeal, Ms. Drexler filed a second case against the Colorado Attorney General, Mr. Weiser, and a different state-court judge. *Drexler v. Weiser*, No. 1:22-cv-00542-DDD-KAS (D. Colo. Mar. 4, 2022). In that case, Ms. Drexler asserted Section 1983 claims challenging an award of attorney fees imposed against her and in favor of Ms. Brown in state court. *See id.*, ECF No. 9.

In November 2022, the Tenth Circuit issued its order and judgment in the appeal of this case. Doc. 50. The Circuit affirmed this Court's dismissal of Ms. Drexler's habeas claim for lack of jurisdiction because the

protection order does not place Ms. Drexler "in custody." *Id.* at 2-3. It also affirmed dismissal of Ms. Drexler's Section 1983 challenges to the protection order for lack of jurisdiction under the *Rooker-Feldman* doctrine. *Id.* at 3. But it reversed the dismissal of Ms. Drexler's Section 1983 challenges to the Colorado statutes authorizing protection orders, holding that the *Rooker-Feldman* doctrine does not bar those challenges. *Id.*

On remand in this case, Magistrate Judge Kristen L. Mix set a schedule for the parties to brief the constitutionality of the state statutes at issue.[1] Doc. 56. At that time, the operative complaint asserted (1) facial challenges to state statutes regarding protective orders, attorney-fee awards, and procedures for appeals from county court; and (2) a due-process challenge regarding a Colorado Supreme Court justice's failure to recuse when that Court affirmed the Denver District Court's dismissal of her state habeas petition. Doc. 5 at 48-53. Mr. Weiser was the only defendant remaining on remand. *Id.* at 1-2, 48. Pursuant to Judge Mix's order, Ms. Drexler filed an opening merits brief, Doc. 57, but the parties then requested a revised briefing schedule because (1) Mr. Weiser had never answered the complaint or had an opportunity to file Rule 12(b) motions before the case was dismissed originally, and (2) Ms. Drexler expected to file an amended complaint. Doc. 59.

In April 2023, Ms. Drexler filed an amended complaint, in which she (1) added as-applied challenges to the protective-order and fee-award statutes; (2) withdrew her challenge to the appeals statute; (3) added facial and as-applied challenges to the Colorado "emotional distress" stalking statute; (4) added a due-process challenge regarding the same attorney-fee award at issue in Case No. 1:22-cv-00542-DDD-KAS; and

---

[1] Judge Mix and I were assigned to the case upon issuance of the Tenth Circuit's mandate. Docs. 51, 52, 53.

- 3 -

(5) withdrew her due-process challenge regarding her state habeas case. *Compare* Doc. 5 at 48-53, *with* Doc. 62 at 26-31. Ms. Drexler also added as a defendant "any required John Doe who otherwise may be deemed to enforce the identified state statutes in lieu of Mr. Weiser." Doc. 62 at 1-2, 6. Thereafter, Judge Mix set a revised "[s]imultaneous briefing schedule." Doc. 67.

That briefing schedule was vacated, however, at the parties' joint request because Ms. Drexler sought to file another amended complaint to address some of the jurisdictional and procedural issues that Mr. Weiser had raised during conferral. Docs. 73, 75. On August 10, 2023, Ms. Drexler filed that amended complaint, in which she (1) added as defendants the District Attorney for Colorado's Second Judicial District, Ms. McCann, and the presiding judges of two Denver County Court courtrooms; and (2) withdrew her due-process challenge to the attorney-fee award. Doc. 78. In November 2023, all the defendants filed motions to dismiss that complaint. Docs. 91, 92, 93, 94.

In reviewing those motions to dismiss (which were not fully briefed until January 2024) and the motion to dismiss that had been filed in Case No. 1:22-cv-00542-DDD-KAS, I noted that the allegations and claims in both cases overlapped in significant ways. Doc. 115. In February 2024, I denied the pending motions in both cases without prejudice and directed Magistrate Judge Kathryn A. Starnella to convene a status conference to address whether the cases should be joined or consolidated.[2] *Id.*

At that status conference, Judge Starnella ordered Ms. Drexler "to file an Amended Complaint in this case that joins all claims from this

---

[2] Judge Starnella was assigned to this case upon her appointment in August 2023. Doc. 76.

- 4 -

case and 22-cv-00542-DDD-KAS." Doc. 117 at 1. Judge Starnella and the parties had a lengthy discussion regarding who may be the appropriate defendants for the claims Ms. Drexler is asserting, Doc. 143 at 12:15-15:5, 18:10-36:11, 48:1-51:12, and Judge Starnella ordered that Ms. Drexler's consolidated amended complaint "may assert the existing claims against different people, but no new claims should be added," *id.* at 15:23-25. Judge Starnella also directed the parties to file an appropriate motion to dismiss without prejudice or administratively close Case No. 1:22-cv-00542-DDD-KAS. Doc. 117 at 1. And she set a simultaneous briefing schedule "regarding standing/immunity and merits," but noted that "[a]ny Defendant who wishes to stay briefing on the merits shall, at the appropriate time, file a motion to stay." *Id.* at 1-2; *see also* Doc. 143 at 51:21-52:2, 52:25-53:4 ("I will implement a dual track briefing schedule for both immunity and standing as one track, and then merits as the other track. To the extent that the judiciary wants to hold off on filing its response to the merits until its immunity arguments have been addressed, then it can file a motion to stay the briefing in connection with it. . . . On the defense side, whoever feels like they need to file a motion to stay the briefing schedule, file your motion to stay, argue the reasons for seeking the stay, and the Court will decide that issue.").

On April 23, 2024, Ms. Drexler filed the consolidated amended complaint as ordered by Judge Starnella, which is now the operative complaint. Doc. 118. In that complaint, Ms. Drexler (1) added as defendants the Colorado State Court Administrator, the Chief Judge of the Denver District Court, the Presiding Judge of the Denver County Court, the Chief Judge of the Colorado Court of Appeals, the Colorado Court of Appeals judges who presided over two of her appeals of the underlying state-court proceedings, and the Chief Justice of the Colorado Supreme Court; and (2) added, from Case No. 1:22-cv-00542-DDD-KAS, facial

- 5 -

and as-applied challenges to state statutes and procedural rules governing appeals from district and county courts. *See id.*

Under the briefing schedule set by Judge Starnella, the parties' opening dual-track briefs were due on June 13. Doc. 128. On June 7, Mr. Weiser, the State Court Administrator, and the defendants from the Denver District Court, Colorado Court of Appeals, and Colorado Supreme Court filed a motion to stay proceedings, including merits briefing, pending disposition of their forthcoming motions to dismiss the operative complaint. Doc. 129. Ms. McCann and the defendants from the Denver County Court did not oppose the motion to stay, but Ms. Drexler did. *Id.* at 3. On June 13, Ms. Drexler filed her opening brief on the merits of her claims, and the defendants filed motions to dismiss the operative complaint.[3] Docs. 134, 135, 136, 138, 139. On June 20, all the defendants filed, and Ms. Drexler opposed, a motion to hold in abeyance any further merits briefing pending disposition of the motion to stay proceedings. Doc. 141. Without awaiting responses from Ms. Drexler, Judge Starnella granted the defendants' motions to stay and hold briefing in abeyance and stayed all proceedings in the case pending disposition of the defendants' motions to dismiss. Doc. 144. Ms. Drexler now objects to Judge Starnella's order staying the case. Doc. 149.

---

[3] Mr. Weiser and the State Court Administrator move to dismiss the claims against them on the basis of Eleventh Amendment immunity, the *Rooker-Feldman* doctrine, lack of standing, and failure to state a claim. Doc. 135. Ms. McCann moves to dismiss the claims against her for lack of standing. Doc. 134. The defendants from the Denver District Court, Colorado Court of Appeals, and Colorado Supreme Court move to dismiss the claims against them on the basis of Eleventh Amendment immunity, lack of a live case or controversy, and legislative immunity. Doc. 136. The defendants from the Denver County Court move to dismiss the claims against them on the basis of lack of standing, judicial immunity, the law-of-the-case doctrine, failure to state a claim, and lack of ripeness. Doc. 138.

## STANDARD OF REVIEW

When reviewing a magistrate judge's order that is not dispositive of a party's claim or defense, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual findings, which may not be set aside unless "on the entire evidence [the reviewing court] is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Residences at Olde Town Square Assoc. v. Travelers Cas. Ins. Co. of Am.*, 413 F. Supp. 3d 1070, 1072 (D. Colo. 2019) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)). The "contrary to law" standard applies to the magistrate judge's legal determinations and permits plenary review as to matters of law; the district judge may set aside a legal ruling if the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Olde Town Square*, 413 F. Supp. 3d at 1072 (citing 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (2d ed.)).

## DISCUSSION

Judge Starnella's decision to stay proceedings was entirely justifiable and neither clearly erroneous nor contrary to law. *See* Local Civ. R. 7.1(d); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-CV-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006). In my discretion, however, and in an effort to move this case forward in the most efficient manner, I will sustain Ms. Drexler's objection in part. *See Perkins v. Suzuki Motor Corp.*, No. 1:18-cv-00893-DDD-GPG, 2021 WL 5629067, at *7 to *8 & n.4 (D. Colo. Feb. 19, 2021) ("Rule 72 [states] the *minimum* obligations district courts have when reviewing objections to magistrate judges' orders . . . and not the maximum limits on district

- 7 -

judges' review authority." (quoting 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (3d ed.) ("[D]istrict judges are [not] absolutely powerless to alter magistrate-judge resolution of nondispositive matters unless they fall into the clearly erroneous category."))).

As to the judicial defendants, I agree with Judge Starnella that "responding to Plaintiff's Opening Brief [#139] on the merits could create potential conflicts of interest and concerns about judicial impartiality when these judges are tasked with applying the challenged statutes in unrelated, future cases." Doc. 144 at 4. Indeed, Ms. Drexler's counsel acknowledged these concerns at the status conference before Judge Starnella, and stated Ms. Drexler's preference "that the Court order merits briefing *with or without* the judicial Defendants." Doc. 143 at 47:17-19 (emphasis added); *accord* Doc. 171 at 5 ("[T]he non-judicial Defendants should be required to brief the constitutional merits of [the] statutes" at issue.).

These ethical and impartiality concerns do not apply to Mr. Weiser or Ms. McCann, though, and, in my view upon de novo review, Ms. Drexler's (and others') interest in proceeding expeditiously toward resolution of her claims outweighs any burden or inconvenience those two defendants would face by being required to respond to Ms. Drexler's merits brief. As to Mr. Weiser, some of the claims against him have been pending since March 2021, and the Tenth Circuit's mandate to consider those claims issued in January 2023; the other operative claims against him have been pending since April 2023. As to Ms. McCann, the operative claims against her have been pending since August 2023. While delaying merits briefing would save these defendants some effort in the event their motions to dismiss are granted, it would be less efficient and would further delay resolution of Ms. Drexler's claims in the event their

motions to dismiss are denied. I will therefore require them to respond to Ms. Drexler's opening merits brief.

The defendants have raised the issue of what procedural mechanism and standard of review will apply to the parties' merits briefs. *See* Doc. 129 at 8; Doc. 157 at 9. I will consider these briefs to be in the nature of cross-motions for summary judgment. But since the parties appear to agree that the merits of Ms. Drexler's claims against Mr. Weiser and Ms. McCann present purely legal issues and no material factual disputes,[4] their briefs need not comply with my Practice Standards as to the usual required format for summary-judgment motions.

## CONCLUSION

It is **ORDERED** that:

The plaintiff's Rule 72(a) Objection to Order to Stay and Hold in Abeyance, **Doc. 149**, is **SUSTAINED IN PART** as to the non-judicial defendants. Defendants Philip Weiser and Beth McCann must respond to Plaintiff's Opening Brief on the Merits, Doc. 139, within three weeks of the date of this Order, and their responses must not exceed 8,000 words. The plaintiff may file a reply brief not to exceed 5,500 words within five weeks of the date of this Order. All other proceedings in this case (including discovery and any merits briefing by the other defendants) remain stayed pending disposition of the defendants' motions to dismiss;

The plaintiff's Motion to Strike Defendants' Joint Response to Plaintiff's Rule 72(a) Objection to Order to Stay and Hold in Abeyance, or in the Alternative to Permit Reply, **Doc. 157**, is **DENIED**; and

---

[4] If Mr. Weiser or Ms. McCann disagree or believe some sort of discovery is necessary to resolve the claims against them, they may raise that issue in their response briefs.

The plaintiff's Motion for Leave to Exceed Word Limitation in Motion for Preliminary Injunction (in the Alternative to Merits Briefing), **Doc. 167**, and Unopposed Amended Motion for Leave to Exceed Word Limitation in Motion for Preliminary Injunction, **Doc. 174**, are **DENIED AS MOOT**, as the plaintiff states that a preliminary-injunction motion would only be necessary "in the alternative" to merits briefing if I overruled her objection to the stay imposed by Magistrate Judge Starnella, *see* Doc. 167 at 3-4; Doc. 174 at 4; Doc. 171 at 5 (only the non-judicial defendants should be required to brief merits).

DATED: September 16, 2024           BY THE COURT:

                                    Daniel D. Domenico
                                    United States District Judge